IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JASON CARITHERS                                                                                              PLAINTIFF

V.                                                                          CIVIL ACTION NO. 1:11CV189-B-S

DWIGHT BOWLING, ET AL.                                                                          DEFENDANTS

## ORDER DENYING SECOND MOTION TO DISMISS

Presently before the court is the defendant Monroe County School District's Second Motion to Dismiss. Upon due consideration, the court finds that the motion is not well taken and should be denied.

The defendant moves to dismiss alleging deficient service of process because the plaintiff's process server placed the summons and complaint into the hands of Monroe County School District ("MCSD") Superintendent Scott Cantrell's secretary, Kathy Roye, rather than in the hands of Cantrell himself. The defendant asserts that Roye was not an authorized agent to accept service of process on behalf of MCSD.

The process server attests that she could see Cantrell in his office and hear him on the telephone when she handed the summons and complaint to Roye, who stated that she would give the documents to Cantrell. Cantrell's affidavit states that Roye entered his office to advise him that he had a visitor. When he inquired as to who wanted to see him, Roye left his office and returned with the summons and complaint.

Defendant MCSD filed its answer in this case on October 31, 2011. The answer admits jurisdiction and venue over the defendant MCSD and does not make any allegations of defective service of process. MCSD filed a motion to dismiss on the same day it filed its answer, and the

motion does not raise any service of process issues. MCSD did not raise the service of process issue until it filed the present motion on February 3, 2012 – after the statute of limitations had run in this action and past the point where the plaintiff could have corrected any defects in service without leave of court.

The court finds that service was not defective in this case and that the plaintiff's process server accomplished delivery of the summons and complaint to Cantrell personally since Cantrell was in the process server's presence when the documents were delivered to Cantrell's secretary and since Cantrell did in fact receive the documents immediately. The argument that the process server was required to place the documents literally into Cantrell's hands as opposed to his secretary's hands is unpersuasive under the facts presented here. "[S]ervice is complete if a defendant is in close proximity to a process server under such circumstances that a reasonable person would be convinced that personal service of the summons is being attempted." *Slaeih v. Zeineh*, 539 F. Supp. 2d 864, 868-69 (S.D. Miss. 2008). The purpose of service of process is to ensure that notice of the lawsuit is given to the party being served. *Id.* at 868. Clearly that end was satisfied in this case.

For the foregoing reasons, the court finds that the defendant Monroe County School District's Second Motion to Dismiss should be and the same is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this, the 27th day of September, 2012.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**