IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JASON CARITHERS                                                                                           PLAINTIFF

V.                                                                        CIVIL ACTION NO. 1:11CV189-B-S

DWIGHT BOWLING, individually and officially,
MONROE COUNTY SCHOOL DISTRICT,
WILLIAM "BO' STEVENS, individually and officially,
JOHN CHRESTMAN, individually and officially,
BILLY "BUBBA" TACKER, individually and officially                              DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court on the defendant Monroe County School District's Appeal of Magistrate's Order Granting Leave to Amend Complaint. Upon due consideration of the appeal, response, exhibits, and supporting and opposing authority, and having heard oral arguments on the matter on January 14, 2013, the court is ready to rule.

Factual and Procedural Background

This action arises from the alleged abuse of the plaintiff by former Smithville High School football coach and convicted sex offender Dwight Bowling. The plaintiff filed his complaint on September 1, 2011, asserting civil liability for Bowling's actions against only Bowling and the Monroe County School District ("MCSD"), naming no fictitious defendants. The plaintiff filed a motion for leave to amend the complaint on August 10, 2012, seeking to name William "Bo" Stevens, John Chrestman, and Billy "Bubba" Tacker as defendants. In an August, 31, 2012 order, the Magistrate Judge sustained the plaintiff's motion to amend over MCSD's objection that the amendment is futile because the statute of limitations has run as to these individual defendants.

MCSD appealed the Magistrate Judge's ruling pursuant to this court's Local Uniform Civil Rule 72(a)(1). The court heard the parties' respective arguments at a January 14, 2013 hearing, and is now ready to rule on the matter.

## Standard of Review

Local Uniform Civil Rule 72(a)(1)(B) provides as follows:

No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.

## Analysis

The parties agree that the applicable statute of limitations for a claim arising under Section 1983 is three years in Mississippi. *Cuvillier v. Sullivan*, 503 F.3d 397, 401-02 (5th Cir. 2007). MCSD asserts that, assuming the plaintiff was under the disability of minority until he reached the age of twenty-one on November 28, 2008, the statute of limitations ran on November 28, 2011. *See* Miss. Code Ann. § 15-1-59. Since the plaintiff sought leave to amend on August 10, 2012, and filed his amended complaint on September 4, 2012, the defendant asserts that his claims against Stevens, Chrestman, and Tacker are outside the prescriptive period and therefore barred. According to the defendant's argument, because the claims are barred by the statute of limitations, it follows that the Magistrate Judge's ruling was clearly erroneous because "leave to amend need not be granted when it would be futile to do so." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994).

The plaintiff contends that the "discovery rule" operates to toll the prescriptive period because the plaintiff did not learn of any potential claims he might have against the three individual defendants until the information came to light after Bowling's indictment. "Under the

Fifth Circuit's discovery rule, a section 1983 claim accrues [for statute of limitations purposes] when the plaintiff knows or has reason to know of **the injury** on which his suit is based." *Saldivar v. Texas Dept. of Assistive and Rehabilitative Services*, 2009 U.S. Dist. LEXIS 94979, *27 (citing *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir. 1980)) (emphasis added). "[A] plaintiff need not have actual knowledge if the circumstances would lead a reasonable person to investigate further." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

The plaintiff asserts that Bowling began sexually molesting him in 2001 when he was in the seventh grade. He contends he had no way of knowing Bowling's other misconduct during his tenure at Smithville or what notice Stevens, Chrestman, or Bowling had concerning this misconduct and what they did in response to it. The plaintiff alleges he first gained knowledge of Bowling's sexual misconduct with other victims in the fall of 2010 after a mother took action about Bowling's attempts to fondle her son, which ultimately led to the law enforcement investigation and Bowling's arrest. According to the plaintiff, the first suggestion of the individual defendants having notice of prior incidents and failing to act or covering them up came at the end of September 2010, when, in response to articles published by the *Northeast Mississippi Daily Journal*, a letter postmarked September 29, 2010, signed by "A Smithville parent," was sent to a reporter there. The author of the letter asserted in the letter words to the effect that some school officials had knowledge of Bowling's illegal acts but did nothing to report them to the authorities. The plaintiff's attorney advised the court at the oral argument on this issue that he has no evidence of who wrote the letter at this time. The anonymous letter has been sealed, and the defendant's motion to strike it from the record is sustained. The *Daily Journal* does not publish anonymous letters; however, the reporter who received the letter mailed

3

a copy to plaintiff's counsel after this lawsuit was filed. The plaintiff asserts that even if the letter had been published when it was mailed on September 29, 2010, that date would be the earliest point at which he could be charged with knowledge of the existence of claims against Stevens and Tacker which might be causally linked to his assault by Bowling in 2001.

The defendant directs the court to various portions of the plaintiff's deposition where he reveals that as a young student he was aware of the individual defendants' knowledge of Bowling's behavior. When asked, "Did [Tacker] ever see Coach Bowling grab your privates?" the plaintiff answered, "Oh, yeah, yeah." The plaintiff also testified that he attempted to address the abuse with Tacker, and Tacker refused to discuss the matter, stating, "You're not playing [football], so I ain't got to worry about you." The plaintiff testified that Principal Stevens was aware of everything that occurred at the school. The plaintiff was asked, "[D]id Bo Stevens witness Coach Bowling grabbing those boys' privates as y'all were going in and out of the door?" The plaintiff answered, "Yes. And a police officer did, too." The plaintiff likewise testified that Chrestman was present when Bowling would inappropriately touch students during morning break.

A statute of limitations will run against a plaintiff's claims if the plaintiff has knowledge of facts that would lead a reasonable person either to conclude that there was a causal connection between the injury and the defendant's acts or omissions or to seek professional advice and, with that advice, to determine the presence of a causal connection between the defendant's acts or omissions and the injury. *Harris v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). The court finds that the plaintiff herein had sufficient knowledge of facts when he was a minor that would lead a reasonable adult person to investigate further or seek professional advice.

4

The plaintiff asserts that in his deposition testimony he speaks of matters in the past with knowledge he has gained since recent events have occurred. He argues that because his present sense impression of his past abuse mixes his past and recent knowledge in ways that are not easily distinguishable, the court should not find that he acquired, as a minor, the requisite knowledge or duty to investigate that would trigger the running of the statute. The court rejects this argument for two reasons. First, the plaintiff's testimony as to when he was aware of the individual defendants' actions (or inaction) was unequivocal. The plaintiff makes clear that he gained this knowledge at the time the actions occurred. Second, as the defendant notes, protecting a person under the disability of minority from the situation presented by the plaintiff herein, where his claims arise prior to his mature understanding of them, is precisely the purpose of Mississippi's disability savings statute. Miss. Code Ann. § 15-1-59. The plaintiff's acquisition of knowledge or a duty to investigate did not trigger the statute of limitations at the time the plaintiff acquired the knowledge but rather when the plaintiff reached the age of majority. He then had three years to contemplate these past events, apply mature adult knowledge, experience, and understanding to that information, and determine whether he might have cognizable claims against the individual defendants.

The court finds that the statute of limitations expired on November 28, 2011, three years after the plaintiff reached twenty-one years of age. Because the claims against Stevens, Chrestman, and Tacker were brought after the three-year statute of limitations had run, they are barred. The amendment to the complaint was therefore futile, and the previous order allowing the amended complaint must be reversed. Notwithstanding this reversal and the dismissal of the plaintiff's claims against these three individual defendants, the plaintiff will have available to

him any admissible evidence of alleged wrongful actions and omissions to present against MCSD at trial.

Conclusion

For the foregoing reasons, the court finds that the Magistrate Judge's ruling of August, 31, 2012, sustaining the plaintiff's motion to amend the complaint should be reversed, and defendants Stevens, Chrestman, and Tacker should be dismissed from this action. The anonymous letter shall be ordered stricken from the record. A separate order in accord with this opinion shall issue this day.

This, the 1st day of February, 2013.

 /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**